IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TYRONE D. GILES                                                 PLAINTIFF

v.                      Civil No. 4:18-cv-4061

SHERIFF JACKIE RUNION;
WARDEN JEFFIE WALKER;
CAPTAIN GOLDEN ADAMS;
SERGEANT ALLEN GRIFFEN;
LIEUTENANT MILLER                                  DEFENDANTS

## **ORDER**

On April 24, 2018, Clifton O. Solomon filed a civil rights case pursuant to 42 U.S.C. § 1983 on his own behalf and on behalf of a number of other inmates of the Miller County Detention Center, including Plaintiff Tyrone D. Giles. As Clifton Solomon could not represent other inmates in a section 1983 case, the claims were severed and this case was opened on behalf of Plaintiff.

On April 24, 2018, the Court entered an order directing Plaintiff to file an amended complaint and an *in forma pauperis* ("IFP") application by May 15, 2018. (ECF No. 2). The Court's order was not returned as undeliverable. As of the date of this Order, Plaintiff has not filed an amended complaint or an IFP application. Plaintiff has not communicated with the Court in any way.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently

> . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to comply with the Court's order to file an amended complaint and an IFP application. Plaintiff has failed to prosecute this case. Therefore, the Court finds that this case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2). Accordingly, Plaintiff's complaint (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 30th day of May, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge